### LUNKENHEIMER CO. ET AL. v. CINCINNATI ET AL.

1. DESIGNATING PUBLIC SQUARE ON PLAT—ACCEPTANCE NECESSARY.

Designating on a plat duly recorded as a "public square" does not vest title in the city unless such "public square" is accepted by ordinance or some other act.

2. LEVYING ASSESSMENTS AGAINST PUBLIC SQUARE—ESTOPPEL.

The levying of assessments against such "public square" for the improvement of an alley abutting thereon estops the city from appropriating the same to public use by accepting the dedication.

3. PLAINTIFF ENTITLED TO INJUNCTION THOUGH NOT OWNER IN FEE.

Under such a state of facts the plaintiff, owner of property abutting on the space designated as "public space," has obtained such an interest therein as to entitle him to an injunction against interference with such interest, but not such an interest as to give him title in fee.

HEARD ON ERROR.

P. J. Cadwallader and Ben B. Dale, for plaintiff in error.

Chas. J. Hunt, contra.

GIFFEN, J.

The strip of ground in controversy was designated "Public Ground" on the plat of Jesse Hunt, the original proprietor, made in 1807; but the city of Cincinnati never accepted the dedication, if it be

such, either by ordinance or other act. On the contrary, it levied and collected assessments for the improvement of the adjacent alleys upon the plaintiffs and their grantors as the owners of the land in dispute.

The testimony shows that the plaintiffs about the year 1881, erected and have since maintained valuable and permanent improvements on the premises and have ever since been in the actual, open, exclusive and adverse possession of the same. Prior to that time the possession was not exclusive and adverse, nor does the petition contain any such averment

It is claimed that these improvements were made only after obtaining the consent of the city, thereby recognizing its title; but on the contrary its knowledge of the character of plaintiffs' possession together with the fact that it levied assessments against the plaintiffs and their grantors as the owners of the land should now estop it from appropriating the same to public use by accepting the dedication.

We think, therefore, the plaintiffs are entitled to an injunction as prayed for, although not the owners in fee as averred.